IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBBIE J. GARNER                                                                                          PLAINTIFF

vs.                                                  Civil No. 3:21-cv-03040

COMMISSIONER, SOCIAL                                                                               DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Debbie J. Garner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on May 10, 2018.  (Tr. 15).  In this application, Plaintiff alleges a disability onset date of February 13, 2018.  (Tr. 15).  Plaintiff also alleges being disabled due to seizures, diabetes, asthma, depression, arthritis, severe obesity, and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

sleep apnea. (Tr. 261). This application was denied initially on November 8, 2018, and it was denied again upon reconsideration on June 14, 2019. (Tr. 15).

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 32-71). Plaintiff's administrative hearing was held on April 14, 2020. *Id.* At this hearing, only Plaintiff and Vocational Expert ("VE") Dr. Tanya Owen testified. *Id.*

On September 15, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 13-26). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2023. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 13, 2018, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: migraine headaches, morbid obesity, depression, anxiety, and seizures. (Tr. 17-18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20, Finding 4).

The ALJ determined Plaintiff was forty-one (41) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008), and she had at least a high school education. (Tr. 25, Findings 7-8). In his decision, the ALJ also evaluated Plaintiff's subjective complaints and determined Residual Functional Capacity ("RFC"). (Tr. 20-25, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must avoid dangerous moving machinery, unprotected heights, and driving; the claimant can do work where interpersonal contact is only incidental to work performed (e.g., assembly work), where the complexity of tasks is learned and performed by rote with few variables and little judgment, and where the supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff was unable to perform any of her PRW. (Tr. 25, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) housekeeping with approximately 380,000 such jobs in the national economy; and (2) package line worker with approximately 207,000 such jobs in the national economy. *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 13, 2018 (disability onset date) through September 15, 2020 (ALJ's decision date). (Tr. 26, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. (Tr. 1-6). On April 12, 2021, the Appeals Council declined to review the ALJ's disability determination. *Id.* On May 26, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 27, 2021. ECF No. 6. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises two claims for reversal: (1) the ALJ erred in failing to evaluate her migraines at Step Three of the Analysis and in accordance with Listing 11.02 (epilepsy); and (2) the ALJ's RFC assessment is unsupported by substantial evidence in the record (especially as it pertains to her seizure disorder). ECF No. 15. The Court will consider both claims.

    A. **Evaluation of Listing 11.02**

Plaintiff claims her case should be reversed and remanded because "[t]he ALJ erred in failing to evaluate the Claimant's migraines at Step Three in accordance with the 11.02 epilepsy listing." ECF No. 15 at 11-12. Plaintiff claims this case must be reversed because the ALJ did not "explain **why** the claimant does not medically equal the relevant Listing." *Id.*

Despite Plaintiff's claim, however, the ALJ *explicitly* considered Listing 11.02 and found the following:

> The undersigned has considered the claimant's seizures under Listing 11.02 but concludes that the claimant's condition does not satisfy the severity requirements of these listed impairments, as the record does not reflect credible evidence of the following despite adherence to prescribed treatment:

    (A) generalized tonic-clonic seizures occurring at least once a month for at least three months; or

    (B) dyscognitive seizures at least once a week for at least three consecutive months; or

    (C) generalized tonic-clonic seizures occurring at least once every two months for at least four consecutive months and a marked limitation in one of the following: (1) physical functioning; (2) understanding, remembering, or applying information, (3) interacting with others, (4) concentrating, persisting, or maintaining pace, or (5) adapting or managing oneself; or

    (D) dyscognitive seizures occurring at least once every two weeks for at least three consecutive months and a marked limitation in one of the following: (1) physical functioning; (2) understanding, remembering, or applying information, (3) interacting with others, (4) concentrating, persisting, or maintaining pace, or (5) adapting or managing oneself.

(Tr. 19).

Even though the ALJ did not specifically state he considered her migraine headaches in accordance with Listing 11.02, the ALJ did state he considered her "condition" in accordance with Listing 11.02, and he also stated the following: "the record [which documents seizures and migraines] does not reflect credible evidence of the following despite adherence to prescribed treatment. . . ."  In his RFC assessment, the ALJ also considered Plaintiff's seizures and migraines together, and it appears they were likewise considered together under Listing 11.02.  (Tr. 22). Thus, the Court finds no basis for reversal on this issue.

### B. RFC Assessment: Seizures

Plaintiff argues the ALJ improperly considered her seizure disorder when he assessed her RFC.  ECF No. 15 at 13-17.  Plaintiff argues the following: "The RFC determination is unsupported by substantial evidence as the ALJ has ignored the clear evidence in the record that the frequency, severity, and duration of this lady's seizure disorder is entirely inconsistent with the ability to maintain substantial gainful activity." *Id.*

In his opinion, however, the ALJ fully considered Plaintiff's medical records and subjective allegations and found the following: "With regard to the claimant's seizures, the record reflects that the frequency of her seizures has been reduced and that the treatment recommended to her for her condition has been relatively conservative in nature. . ." (Tr. 22).  The ALJ also recognized "the record reflects that an EKG performed on February 13, 2018 was interpreted to reveal 'normal' results and that a CT scan of the claimant's head was interpreted to reveal 'negative' results." *Id.*  The ALJ also found the following: "In addition, long-term video EEG monitoring (4 days) recommended by Dr. Shipley was interpreted to reveal to habitual events, but those events were determined to be nonepileptic in nature." *Id.*  Accordingly, the Court finds the ALJ's assessment of Plaintiff's seizures is supported by substantial evidence, and there is no basis for reversal on this issue.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of May 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE